| | |
|---|---|
| MATTHEW AARON SAFRIT, ) ) Petitioner, ) ) vs. ) ) TODD ISHEE, Secretary of ) Department of Adult Correction, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court upon initial review of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Matthew Aaron Safrit ("the Petitioner"). [Doc. 1]. Also before the Court is the Petitioner's Motion to Appoint Counsel [Doc. 3], Motion to Proceed *in Forma Pauperis* [Doc. 5], Motion for Extension of Time [Doc. 6], and Motion for Preliminary Injunction and Temporary Restraining Order [Doc. 7].

**I.     BACKGROUND**

The Petitioner is a prisoner of the State of North Carolina presently incarcerated at Neuse Correctional Institution in Goldsboro, North Carolina. The Petitioner was convicted of Assault with a Deadly Weapon Inflicting Serious Injury and Possession of a Firearm by a Felon in Cleveland County Superior Court on April 20, 2014. [Doc. 1 at 1]. The Petitioner was

sentenced to a term of imprisonment of 22 years and 4 months to 29 years and 6 months. [Id.]. The Petitioner pleaded guilty to the charges and did not file any direct appeal. [Id. at 2].

On February 21, 2022, the Petitioner filed a Petition for Writ of Habeas Corpus in Mecklenburg County Superior Court on grounds that his confinement during the COVID-19 pandemic violated his constitutional rights. [Id. at 3]. The petition was dismissed on September 2, 2022. [Id.]. The Petitioner subsequently sought certiorari review with the North Carolina Court of Appeal, which was denied on December 9, 2022. [Id. at 5]. The Petitioner then filed a petition for discretionary review with the North Carolina Supreme Court, which was denied on January 24, 2023. [Id. at 5-6].

The Petitioner filed his § 2254 Petition for Writ of Habeas Corpus in this Court on March 16, 2023. [Doc. 1]. The Petitioner also seeks to proceed *in forma pauperis* and has filed several additional motions which are now ripe for review. [Docs. 3, 5, 6, 7].

**II.    DISCUSSION**

    **A.    Motion to Proceed *in Forma Pauperis***

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 5]. Rule 3(a) of the Rules Governing Section 2254 Cases requires that a petition be accompanied by the applicable filing fee or motion

2

Case 3:23-cv-00166-MR   Document 8   Filed 04/24/23   Page 2 of 9

for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The Petitioner's application shows that he has no income and no assets, cash, or money in any bank accounts. [Doc. 5]. The Court is satisfied that the Petitioner does not have sufficient funds to pay the filing fee and will grant the Petitioner's motion to proceed *in forma pauperis* for the limited purpose of this Court's initial review of his petition and related motions.

### B. Initial Review of § 2254 Petition

A prisoner in custody under a state court judgment may attack his conviction and sentence on grounds that it violates the Constitution and/or laws or treaties of the United States through the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Habeas relief may be granted to a state prisoner if the state court's last adjudication of a claim on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). Alternatively, relief may be granted to a state prisoner if the state court's last adjudication of a claim on the merits "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding." 28 U.S.C. § 2254(d)(2).

The Petitioner's § 2254 claims stem from his previous incarceration at Nash Correctional Institution. [Doc. 1]. Petitioner alleges that the COVID-19 pandemic hit Nash Correctional Institution where he was housed in December 2020 and spread about the camp because of deliberate indifference to inmate health and safety on part of the prison officials. [Doc. 1 at 3-5; Doc. 1-1 at 6-7]. The Petitioner states that while on trash detail, he was forced to handle COVID-positive trash without having been provided with personal protective equipment. [Id.].

The Petitioner also alleges that prison officials failed to adhere to the fourteen-day quarantine requirements before releasing COVID-positive inmates into the general population, that prison officials fudged state records relating to how COVID-19 was handled, and that officials falsely responded to grievances and prolonged his emergency grievances. [Id.]. The Petitioner claims that as a result of the deliberate indifference on part of prison officials in violation of the Eighth Amendment, it resulted in him catching an illness that caused him serious harm and still causes him harm more than two years later. [Id.].

In reviewing a § 2254 habeas petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to

4

dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. See also Wolfe v. Johnson, 565 F.3d 140 (4th Cir. 2009). The Petitioner's habeas petition is deficient as it fails to specify any valid grounds for habeas relief. The Petitioner does not attack his underlying criminal judgment of conviction and sentence. Rather, the Petitioner's arguments challenge the conditions of his confinement at Nash Correctional Institution as it relates to the institution's COVID-19 protocols. Such claims are not cognizable in a § 2254 proceeding and are more appropriately filed in a civil rights action seeking relief pursuant to 42 U.S.C. § 1983. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)('[h]abeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement...A civil rights action, in contrast, is the proper method for challenging 'conditions of confinement'"). Because the Petitioner sets forth no valid claim of habeas relief, the § 2254 petition shall be dismissed without prejudice.

### C. Miscellaneous Motions

The Petitioner has filed several miscellaneous motions which are ripe for review.

In his Motion to Appoint Counsel [Doc. 3], the Petitioner requests the Court appoint counsel in order to assist with obtaining discovery and representing him during an evidentiary, if warranted. [Id.]. However, this is § 2254 proceeding and there is no constitutional right to the appointment of counsel in a § 2254 post-conviction proceeding. Crowe v. United States, 175 F.2d 799, 800-801 (4th Cir. 1949); Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 589 (1987). As discussed above, the § 2254 petition is subject to dismissal. Petitioner makes no demonstration to show that he is entitled to appointment of counsel in this matter. As such, the motion shall be denied.

In his Motion for Extension of Time [Doc. 6], the Petitioner requests the Court grant him an extension of time in which to provide his Reply to Respondent's Answer because he is incarcerated, must handwrite his legal filings, and will need time to conduct legal research. [Id.]. As discussed above, the § 2254 petition is subject to dismissal. There has been no Order by this Court directing the Respondent to answer the petition. As such, the

Petitioner is not entitled to any extension of time to prepare any Reply and the motion shall be denied.

In his Motion for Preliminary Injunction and Temporary Restraining Order [Doc. 7], the Petitioner requests the Court enter an Order directing Respondent to activate the law library (Westlaw) application on the restricted housing tablets at Neuse Correctional Institution and direct officers at the facility to give the Petitioner meaningful access to paper and envelopes. [Id.]. The Petitioner complains that other inmates are allowed access to such materials, while those in restrictive housing are not. [Id.].

"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997)(citing Hughes Network Systems, Inc. v. InterDigital Communications Corp., 171 F.3d 691, 693 (4th Cir. 1994)). To obtain a preliminary injunction, the movant must establish 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. Di Biase v. SPX Corp., 872 F.3d 224, 229 (4th Cir. 2017).

The Petitioner's complaints regarding his access to legal research and availability of paper and envelopes fail to establish entitlement to injunctive

7

relief or issuance of a temporary restraining order. The Petitioner's § 2254 petition is subject to dismissal and he cannot show likelihood of success on the merits or that he will suffer imminent and irreparable harm in the absence of injunctive relief. As such, the Petitioner is not entitled to issuance of any restraining order or injunction and his motion [Doc. 7] is denied.

### III.  CONCLUSION

For the reasons set forth above, the Petitioner's § 2254 petition [Doc. 1] is dismissed. The Court grants the Petitioner's *in forma pauperis* application [Doc. 5] for the limited purpose of this Court's initial review of the § 2254 petition. The Petitioner's Motion to Appoint Counsel [Doc. 3], Motion for Extension of Time [Doc. 6], and Motion for Preliminary Injunction and Temporary Restraining Order [Doc. 7] are without merit and denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive

8

Case 3:23-cv-00166-MR   Document 8   Filed 04/24/23   Page 8 of 9

procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Petitioner's Motion to Appoint Counsel [Doc. 3] is **DENIED**.

3. The Petitioner's Motion to Proceed *in Forma Pauperis* [Doc. 5] is **GRANTED**.

4. The Petitioner's Motion for Extension of Time [Doc. 6] is **DENIED**.

5. The Petitioner's Motion for Preliminary Injunction and Temporary Restraining Order [Doc. 7] is **DENIED**.

6. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**   Signed: April 24, 2023

Martin Reidinger
Chief United States District Judge